McCORD, Judge.
The employer/carrier appeals from a workers’ compensation order finding that the claimant had sustained a compensable injury arising out of and in the course of his employment and that timely notice of the injury had been given to the employer. We reverse.
The claimant is a 45 year old man who had been employed by the City of Pompano Beach for approximately 15 years. He had had prior back injuries in 1974 or 1975, one time while he was using a sledge hammer, another time when he fell in a hole. As a result of these prior injuries he had continuing pains in his back.
Claimant testified that on November 10, 1980, he was moving a cabinet with a coworker when he felt a sharp swish, or “twinkle,” in his back. While he didn’t think anything about it at the time, he awoke the next morning and found himself unable to walk. Shortly thereafter, he was admitted to the hospital, where a laminecto-my was performed on his back.
The claimant presented no expert testimony below regarding the incident of November 10,1980, and his subsequent disability. On the other hand, the employer/carrier presented the depositional testimony of Dr. Cole, an examining orthopedic surgeon. Dr. Cole testified unequivocally “that the incident of November 10th did not materially change his prior condition at all, and that he was having essentially the same symptoms for which he was operated on well before that.” Upon learning that the claimant had only a bulging, and not extruded disc, Dr. Cole also opined that this fact “further corroborates that his November 10th (incident) was not the precipitating cause that required him to have surgery.” In the absence of any medical testimony to the contrary, we must accept Dr. Cole’s opinion and overturn the deputy's finding of compensability:
Reasonable medical probability may be established by either medical or lay testimony. Although lay testimony cannot be used to establish a causal relationship within reasonable medical probability as to conditions and symptoms that are not readily observable, it is of probative value in establishing the sequence of events, actual inability or ability to perform work, pain, and similar factors within the actual knowledge and sensory experience *842 of the claimant. (Citations omitted; emphasis supplied)
McCall v. Dick Burns, Inc., 408 So.2d 787, 792 (Fla. 1st DCA 1982). Here, the claimant’s testimony is simply not competent, substantial evidence to establish a causal relationship between the incident of November 10,1980, and his subsequent disability. Since Dr. Cole’s opinion is the only probative evidence of the existence or absence of a causal relationship within reasonable medical probability, we have no choice but to reverse the deputy’s finding of a causal relationship between the incident of November 10th and the claimant’s subsequent operation and disability. Our resolution of this issue obviates any need on our part to discuss the employer/carrier’s arguments regarding the untimely notice of injury.
REVERSED.
MILLS and SHIVERS, JJ., concur.